UNITED STATES of America,
Plaintiff–Appellee,

v.

Wilfredo CANALES–CASTILLO, also known as Wilfredo Villatoro–Canales, Defendant–Appellant.

No. 04–41436.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Wilfredo Canales–Castillo appeals from the sentence imposed following his guilty

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea to illegal reentry. *See* 8 U.S.C. § 1326(b). He argues pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled. He concedes that his constitutional argument is foreclosed by *Almendarez–Torres,* and he raises it to preserve its further review by the Supreme Court and to prevent procedural default in the event the law changes.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). We therefore must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.